IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, SOUTHERN DIVISION

| | |
|---|---|
| LARRY WATSON,<br><br>        Plaintiff,<br><br>v.<br><br>UTAH HIGHWAY PATROL, BARTON BLAIR, SHAWN HINTON, DAN FERGUSON, CHRIS TERRY, UHP POST and ALEX GARCIA<br><br>        Defendants. | RULING & ORDER<br><br>Case No. 4:18-cv-00057<br><br>Judge David Nuffer<br><br>Magistrate Judge Dustin B. Pead |

### INTRODUCTION

This case is before Magistrate Judge Dustin Pead pursuant to a 28 U.S. C. §636(b)(1)(B) referral from District Court Judge David Nuffer. (ECF No. 9.) On September 6, 2018, Plaintiff Larry Watson (Plaintiff or Watson) filed his civil rights complaint against Defendants Utah Highway Patrol, Barton Blair, Shawn Hinton, Dan Ferguson, Christ Terry, UHP Post and Alex Garcia (Defendants). (ECF No. 1.) In conjunction therewith, Watson filed the following motions: "motion for appointment of counsel" (ECF No. 2), "motion for injunction to prevent UHP from investigating itself or any of its officers" (ECF No. 3), "motion for injunction to prevent Utah and UHP from searching citizen's vehicles by merely saying they smell alcohol and/or drugs" (ECF No. 4), "motion to protect all citizens from false and illegal searches by police in the UHP"

(ECF No. 5), "motion to test 'substance' taken from plaintiff's car" (ECF No. 6), "motion to exclude witnesses and Defendants from court while other Witnesses and Defendants are testifying" (ECF No. 7) and "motion to allow Plaintiff to bring to court Weiner dog anal glad 'substance' and a small amount of pot to test Chris Terry's stated ability to smell pot over two Weiner dog's anal glands." (ECF No. 8.)

## PENDING MOTIONS

**Plaintiff's Motion For Appointment Of Counsel**

In a civil matter, "[t]he burden is upon the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985). When determining whether to appoint counsel, the court should consider a variety of factors, "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (*quoting Williams v. Meese*, 926 F.2d 994, 996) (10th Cir. 1991).

Mr. Watson seeks appointment of counsel based on the severity of Defendants' actions and his physical suffering stemming from a painful condition, "CRPS".[1] Plaintiff only requests, however, " 'some' assistance should this case go to trial" because he "is unable to place his feet on the floor without severe pain". (ECF No. 2.) This case is in its infancy. At this juncture, it is

---

[1] CRPS or "Complex Regional Pain Syndrome" is a "form of chronic pain that usually affects an arm or leg" and "typically develops after an injury, a surgery , a stroke or a heart attack. www.mayoclinic.org/diseases-conditions/complex-regional-pain-syndrome/symptoms-causes/syc-20371151 (last visited September 14, 2008).

2

unknown whether the matter will proceed to trial or be resolved at an earlier stage. Accordingly, the court denies Mr. Watson's motion for appointment of counsel without prejudice. (ECF No. 2.) As the case develops further and if it appears that counsel may be of assistance, Mr. Watson may renew his motion for appointment.

### Plaintiff's Remaining Motions.

Mr. Watson filed his complaint on September 6, 2018. (ECF No. 1.) On the same day he filed his pending "motion for injunction to prevent UHP from investigating itself or any of its officers" (ECF No. 3), "motion for injunction to prevent Utah and UHP from searching citizen's vehicles by merely saying they smell alcohol and/or drugs" (ECF No. 4), "motion to protect all citizens from false and illegal searches by police in the UHP" (ECF No. 5), "motion to test 'substance' taken from plaintiff's car" (ECF No. 6), "motion to exclude witnesses and Defendants from court while other Witnesses and Defendants are testifying" (ECF No. 7), and "motion to allow Plaintiff to bring to court Weiner dog anal glad 'substance' and a small amount of pot to test Chris Terry's stated ability to smell pot over two Weiner dog's anal glands." (ECF No. 8) (collectively, "remaining motions").

A complaint "is the initial pleading that commences a civil action." DUCivR 3-5; *see* Fed. R. Civ. P. 4. Once a complaint is filed, plaintiff is required to serve the complaint and summons on all named Defendants within the time allowed under the federal rules. *See* Fed. R. Civ. P. 4(c), Fed. R. Civ. P. 4(m). Here, Mr. Watson must serve his "complaint on all Defendants before the action can proceed" and the court is prohibited from issuing any rulings on motions or

granting "any injunctive relief before the adverse part[ies have] had an opportunity to be heard." *America's Home Retention Servs. v. Castle Stawiarski, LLC,* 2012 U.S. Dist. LEXIS 93436 * 10 (D. Colo. 2012). Accordingly, Plaintiff's remaining motions are premature and denied without prejudice.

## ORDER

Accordingly, as set forth above, the Court ORDERS as follows:

1. Mr. Watson's motion for appointment of counsel is DENIED. (ECF No. 2); and

2. Mr. Watson's "motion for injunction to prevent UHP from investigating itself or any of its officers" (ECF No. 3), "motion for injunction to prevent Utah and UHP from searching citizen's vehicles by merely saying they smell alcohol and/or drugs" (ECF No. 4), "motion to protect all citizens from false and illegal searches by police in the UHP" (ECF No. 5), "motion to test 'substance' taken from plaintiff's car" (ECF No. 6), "motion to exclude witnesses and Defendants from court while other Witnesses and Defendants are testifying" (ECF No. 7), and "motion to allow Plaintiff to bring to court Weiner dog anal glad 'substance' and a small amount of pot to test Chris Terry's stated ability to smell pot over two Weiner dog's anal glands" (ECF No. 8) are DENIED without prejudice as premature.

SO ORDERED this 18th day of September, 2018.

BY THE COURT:

_____
Dustin B. Pead
U.S. Magistrate Judge