IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LARRY WATSON,<br><br>             Plaintiff,<br><br>v.<br><br>UTAH HIGHWAY PATROL, et al.,<br><br>             Defendants. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR RECUSAL**<br><br>Case No. 4:18-cv-00057-DN-PK<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Larry Watson, a pro se plaintiff, has filed a motion (the "Motion for Recusal")[1] to have me disqualified from further participation in this case. Because Watson's filings are insufficient, the Motion is DENIED.

## BACKGROUND

Watson previously filed a motion "to allow him to bring in a small amount of marijuana . . . and Weiner dog anal glands substance/discharge to test UHP Chris Terry's ability to smell said marijuana over Watson's two Weiner dogs' anal glands."[2] The defendants filed a response opposing that motion (the "Smell-Test Motion").[3] Watson did not file a reply memorandum, and

---

[1] Plaintiff Refutes the Courts 3 Erroneous 'Reasons' for Denying His Motion to Test Terry's Sense of Smell and Demand Judge Paul Kohler Recuse Himself from My Case ("Motion for Recusal"), docket no. 82, filed May 2, 2019; *see* Memorandum in Opposition to Motion to Recuse Magistrate Judge Paul Kohler, docket no. 85, filed May 16, 2019; Plaintiff's Reply to and Rebuttal of Defendants' Opposition to Judge Paul Kohler Recusing Himself from Watson's Case ("Rebuttal"), docket no. 86, filed June 3, 2019.

[2] Motion to Test UHP Chris Terry's Ability to Smell Marijuana Over Watson's Two Weiner Dog's Anal Glands Discharge/Substance ("Smell-Test Motion"), docket no. 40, filed January 16, 2019.

[3] Response in Opposition to Plaintiff's Motion to Test UHP Chris Terry's Ability to Smell Marijuana Over Watson's Two Weiner Dogs' Anal Glands Discharge/Substance, docket no. 44, filed January 29, 2019.

after the time expired for him to do so,[4] I entered an order denying the Smell-Test Motion for each of the following four reasons:

> 1. Other than stating that the proposed smell test is to be performed "over Watson's two Weiner dogs' anal glands," Watson has not explained when, where, or under what specific conditions or circumstances this test is to occur.
> 2. Watson has not shown how the conditions of his proposed experiment would be in any way similar to the conditions that led to his arrest.
> 3. Watson has not disclosed how or from whom he has or will obtain the "small amount of marijuana" that he seeks "to bring in" for this test.
> 4. And Watson has not complied with the procedures set forth in Fed. R. Civ. P. 35, which govern the examination of parties.[5]

Based on that ruling, Watson now accuses me "of unbelievable bias and [lying] to prejudice and compromise [his] otherwise great case."[6] He also accuses me of having not "even read [his] Motion"[7]—which was only one sentence long.[8]

## DISCUSSION

Watson's allegations of bias are conclusory, devoid of evidentiary support, and unfounded. "In every lawsuit, judges make rulings adverse to one or the other party. That these

---

[4] Watson did, however, file a motion for an extension of time to file a reply memorandum. Plaintiff's Motion for an Extension of Time to Reply to Defendants' Opposition to Watson's Motion to Test Terry's Ability to Smell Pot Over Two Weiner Dog's Anal Glands ("Motion for Extension of Time"), docket no. 48, filed February 12, 2019. As a result, Watson was given until March 14, 2019, to file a reply memorandum. Docket Text Order Granting Plaintiff Larry Watson's Unopposed Motion for an Extension of Time, docket no. 52, filed February 28, 2019. Watson did not file a reply memorandum by March 14, 2019.

[5] [Corrected] Memorandum Decision and Order Denying Motion to Perform Smell Test Over Canine Anal Glands, docket no. 77, filed April 22, 2019; *see* Memorandum Decision and Order Denying Motion to Test Removed Substance, docket no. 74, filed April 16, 2019.

[6] Motion for Recusal, *supra* note 1, at 2.

[7] *Id.*

[8] The Smell-Test Motion, *supra* note 2, reads in full as follows: "Plaintiff moves the Court to allow him to bring in a small amount of marijuana (equal to the amount UHP Terry stated he received from Plaintiff- 0.5 grams (Ex.1, pg.19)) and Weiner dog anal glands substance/discharge to test UHP Chris Terry's ability to smell said marijuana over Watson's two Weiner dog's anal glands discharge/substance."

rulings may be unwelcome is simply too commonplace a circumstance to support an allegation of bias."[9] Accordingly, the Motion for Recusal will not be granted on this basis.

Watson's allegations of fabrication and dishonesty are also conclusory, without evidentiary support, and incorrect. Although Watson may have *now* (1) "clearly and in great detail describe[d] the 'specific conditions or circumstances' of how and where the Smell test would occur," (2) "stated the extraordinary circumstances of th[e] night" that he was arrested, and (3) "state[d] where he would 'obtain' the pot to bring in to Court,"[10] he did not do so in the Smell-Test Motion or in any document that was then on file connected to it. The reply memorandum, in which Watson purports to supply this information, was not filed until 16 days *after* the order denying his Smell-Test Motion was entered—when Watson attached it as an exhibit to his Motion for Recusal.[11] As a result, Watson's accusations of dishonesty are without merit.[12]

Watson's assertion that I did not read his one-sentence-long Smell-Test Motion is likewise false. Indeed, the order denying it quotes that sentence in almost its entirety.[13]

---

[9] *United States v. RaPower-3, LLC*, No. 2:15-cv-00828-DN, 2018 WL 6133857, *1 (D. Utah Nov. 5, 2018) (citation and internal quotation marks omitted).

[10] Motion for Recusal, *supra* note 1, at 1-2.

[11] *Id.* at 7-10. The reply memorandum is dated "03/15/19" and "04/30/19." *Id.* at 10. The certificate of service accompanying it was apparently for the Motion for Extension of Time. *Compare* Motion for Recusal, *supra* note 1, at 11, *with* Motion for Extension of Time, *supra* note 4, at 2. Although Watson states that he mailed his reply memorandum on February 8, 2019, *see* Rebuttal, *supra* note 1, at 2, that appears unlikely given his filing of the Motion for Extension of Time on February 12, 2019.

[12] Even if Watson had timely filed the reply memorandum in support of his Smell-Test Motion, that motion would still be, and is, DENIED because he has not complied with the procedures set forth in Fed. R. Civ. P. 35, which govern the examination of parties.

[13] *See supra* note 5.

Because Watson has failed to present any evidence of bias or wrongdoing, his motion for my recusal or disqualification will be denied.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that the Motion[14] is DENIED.

Signed June 5, 2019.

BY THE COURT:

Paul Kohler
United States Magistrate Judge

---

[14] Docket no. 70, filed April 15, 2019.